## CIRCUIT COURT OF FAIRFAX COUNTY

Computer Sciences Corp.

v.

Fairfax County
Board of Supervisors et al.

Case No. (Chancery) 131653

By Judge Arthur B. Vieregg, Jr.

May 19, 1994

This matter was heard on March 25, 1994, upon the motion to add necessary parties and demurrer to the amended cross-bill, both filed by Defendants Dulles Limited Partnership and Dulles Limited Liability Company ("Dulles"). After reviewing the pleadings and arguments of counsel, this Court grants the motion to add necessary parties and overrules the demurrer.

The Court will briefly recount the pertinent factual allegations set forth in the amended bill of complaint and the amended cross-bill of the Board of Supervisors of Fairfax County. This case arises from an easement agreement and from agreements and proffers in connection with a re-zoning application. Under a 1966 deed of easement, the predecessor in interest of Computer Sciences Corp. ("CSC") acquired an easement from the predecessor in interest of Aubrey Limited Partnership ("Aubrey").[1] In 1980 Aubrey, Dulles, and other landowners filed a unified re-zoning application which included the subject property. The Board approved the application based upon proffers filed by the applicants. One proffer required the dedication of land for construction of a public road. In this cause, the parties seek various forms of declaratory and compensatory relief because of Aubrey's dedication of the land for that road (encumbered by CSC's easement).

---

[1] Aubrey's general partner, General Assets, Inc., also is a party respondent in this suit.

As to its motion to add necessary parties, Dulles argues that the owners of other land included in the re-zoning application should be joined as necessary parties. The Board bases Dulles' liability on allegations that Dulles' property was included in the re-zoning application; that the re-zoning approval was based upon and subject to certain proffers; that Dulles benefitted from the re-zoning application approval; and that certain conditions in the proffers have not been fulfilled by any of the landowners. Dulles therefore argues that all similarly situated landowners should be joined as parties. Without prejudice to future proceedings in this case, the Court concurs. Since the property of these additional landowners was included in the re-zoning application, they should be added as parties. *See* Va. Code Ann. § 8.01-7 (Michie 1992). The motion to add necessary parties is granted.

In its demurrer and memorandum in support, Dulles fails to direct this Court to any specific legal insufficiency in the Board's amended cross-bill. It also fails to cite legal authority for its arguments. Instead, it generally attacks the propriety of the Board's claim for compensation in the event it must condemn CSC's easement and disputes some of the Board's factual allegations.[2] The Board has alleged the following: that the Aubrey and Dulles properties were included with other real property in one unified re-zoning application approved by the Board in 1981 based upon and subject to certain proffers; that one of the proffers required dedication of certain unencumbered property to the Board; that, in 1991, Aubrey dedicated a strip of property to the Board; that Dulles, subsequent to the re-zoning approval, submitted a development site plan which provided for an access road from the CSC site to Lawyers Road Extended (which the Board contends is an admission of Dulles' responsibility to satisfy CSC's claim to substantially equivalent access); that the Aubrey property, except for the dedicated land, subsequently was conveyed to Providence Savings and Loan Association; and that the apparent dispute between CSC and the respondents as to alternative site access may substantially harm the Board. Based upon the foregoing, the Court concludes that the Board has stated a cause of action against Dulles, the other respondents, and the complainant

---

[2] For example, Dulles contends that the Dulles Limited Liability Company property was not included in the site plan for development. Dulles' Mem. in Support of Demurrer to Amended Cross Bill at 2. Dulles' contention, however, merely raises a factual dispute since it is contrary to the Board's factual allegations contained in paragraphs 6, 17-20, and 23-24 of the Board's amended cross-bill. As such, it is not a proper basis for a demurrer.

for declaratory and compensatory relief as to the respondents' obligations under the proffers, the respondents' obligations to CSC, and the dispute between CSC and the respondents regarding alternative access for CSC. Accordingly, Dulles' demurrer must be overruled.

August 8, 1994

In my letter opinion of May 19, 1994, I granted the motion of Dulles Limited Liability Company to add new parties pursuant to § 8.01-7 of the Code of Virginia. In connection with the entry of that order, the parties have raised the additional question of whether the respondent and cross-complainant, the Board of Supervisors of Fairfax County, or the cross-respondent, Dulles, must initially incur the expense of identifying the new parties to be added and to ascertain sufficient information for them to be served. Section 8.01-7 of the Code of Virginia does not address this issue. The Court determines, however, that this is essentially an issue of what is fair and equitable under the circumstances. In its memorandum of law challenging Dulles' demurrer to the Board's cross-bill, the Board contended:

> Upon approval of RZ 80-C-112, the rezoning proffers from Dulles' predecessor in title became fully enforceable and remain so now under Va. Code § 15.1-491(a).

Board's Mem. at 4. Since the Board named Dulles as a respondent, in part, because Dulles was a successor in title to the owners of property who had gained the approval of RZ 80-C-112, i.e., Glen T. Urquhart, Trowbridge Limited Partnership and Chantilly Development Corporation, the Court granted Dulles' motion that all property owners also putatively liable for the performance of the proffers pursuant to § 15.1-491(a) of the Code of Virginia also be joined as cross-respondents. Since the Board has advanced this theory of successor liability, I conclude it is fair and equitable that the Board take those steps necessary to identify and join all persons whose property is burdened by the proffers.

In this respect, I would emphasize that the logic of the Board's position is that, pursuant to § 15.1-491(a) of the Code, all property benefitted by the rezoning is subject to the enforcement of the proffers given in return for that rezoning. Accordingly, the situation facing this Court is not analogous to one in which a plaintiff might sue one of several obligors for the entirety of an indebtedness, in which event the sued obligor might then join other obligors similarly liable for the obligation. Were that the case,

the Court might be more inclined to find that equity required Dulles to shoulder the burden of joining the additional parties. Since it is not the case, the Court concludes that the party seeking the benefits of the enforcement of the proffers must bear the burden of joining all who are putatively obligated to perform the obligations created by those proffers.

For the foregoing reasons, I will require the Board to identify all property owners whose land is subject to the enforcement of the proffers, to file amended cross-bills naming those property owners as cross-respondents, and to have those property owners served with copies of the Board's cross-bill. The Board will not be precluded, however, from later seeking the recovery of some or all of these costs in the event it is successful in this litigation with respect to this theory of recovery.